IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE SMITH, T16447, | ) | |
| Petitioner, | ) | No. C 12-4011 CRB (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| GREG LEWIS, Warden, | ) | (Docket # 2) |
| Respondent. | ) | |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

On or about July 13, 2010, petitioner pleaded guilty to attempted murder and was sentenced to 18 years in state prison.

Petitioner did not appeal, but unsuccessfully challenged his conviction in the state courts by filing several petitions for a writ of habeas corpus. The Supreme Court of California denied his final state petition on June 13, 2012.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1    It shall "award the writ or issue an order directing the respondent to show
2    cause why the writ should not be granted, unless it appears from the application
3    that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief on grounds of suppression of evidence and prosecutorial misconduct. He also claims the suppression of evidence rendered his plea involuntary.

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267. Petitioner's pre-plea claims of suppression of evidence and prosecutorial misconduct accordingly are DISMISSED. See id. But liberally construed, his claim that his plea was not voluntary appears cognizable under § 2254 and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se habeas petitions liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  Petitioner's request to proceed in forma pauperis (docket # 2) is GRANTED.

2.  The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney

1  General of the State of California.  The clerk also shall serve a copy of this order
2  on petitioner.
3     3.   Respondent shall file with the court and serve on petitioner, within
4  60 days of the issuance of this order, an answer conforming in all respects to Rule
5  5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
6  habeas corpus should not be granted.  Respondent shall file with the answer and
7  serve on petitioner a copy of all portions of the state trial record that have been
8  transcribed previously and that are relevant to a determination of the issues
9  presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5.   Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  Jan. 4, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Smith, A.12-4011.osc.wpd

3